**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
Matthew M. Loker, Esq. (279939)
ml@kazlg.com
Elizabeth A. Wagner, Esq. (317098)
elizabeth@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Defendant,*
Jonathon Young

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JONATHON YOUNG, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>v.<br><br>GREYSTAR REAL ESTATE PARTNERS, LLC D/B/A DYLAN POINT LOMA APARTMENTS,<br><br>Defendant. | Case No.: '18CV2149 BEN AGS<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATION OF:**<br>(1) CALIFORNIA'S STATUTORY RIGHT OF PUBLICITY STATUTE, CAL. CIV. CODE § 3344, *ET SEQ.*<br>(2) CALIFORNIA'S COMMON LAW RIGHT OF PUBLICITY; AND,<br>(3) CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200, *ET SEQ.*<br><br>**JURY TRIAL DEMANDED** |

| Case No.: | *Young, et al. v. Greystar Real Estate Partners, LLC* |
|---|---|
| **CLASS ACTION COMPLAINT FOR DAMAGES** | |

## INTRODUCTION

1. California recognizes a common law right of privacy for the protection of a person's name and likeness against appropriation by others for their advantage.[1] There are two "vehicles" for asserting such a right: (1) a statutory remedy for commercial misappropriation under California Civil Code § 3344; and, (2) a common law cause of action for the same. The California common law cause of action is "complemented" by § 3344 in that it is not replaced nor codified by the section.

2. A common law right of publicity requires a plaintiff to prove: (1) that the defendant used plaintiff's identity; (2) the appropriation of plaintiff's name or likeness to defendant's advantage, commercially or otherwise; (3) lack of consent; and (4) resulting injury. Under § 3344 a plaintiff must additionally allege: (5) a knowing use by the defendant; and, (6) a direct connection between the alleged use and the commercial purpose.

3. In pertinent part § 3344(a) provides:
   > Any person who knowingly uses another's…photograph…in any manner…or for purposes of advertising or selling, or soliciting purchases of…goods or services, without such person's prior consent, shall be liable for any damages sustained by the person or persons injured as a result thereof. In addition, in any action brought under this section, the person who violated the section shall be liable to the injured party or parties in an amount equal to the greater of seven hundred fifty dollars ($750) or the actual damages suffered by him or her as a result of the unauthorized use, and any profits from the unauthorized use that are attributable to the use and are not taken into account in computing the actual damages. In establishing such profits, the injured party or parties are required to present proof only of the gross revenue attributable to such use, and the person who violated this section is required to prove his or her deductible expenses.

---

[1] The common law and statutory sections at issue herein are commonly referred to as a right of publicity, right of privacy, or commercial misappropriation. The terms are used interchangeably.

| Case No.: | 1 of 14 | *Young, et al. v. Greystar Real Estate* |

**CLASS ACTION COMPLAINT FOR DAMAGES**

Punitive damages may also be awarded to the injured party or parties. The prevailing party in any action under this section shall also be entitled to attorney's fees and costs.

4. JONATHON YOUNG ("Plaintiff"), individually and on behalf of all others similarly situated, brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of GREYSTAR REAL ESTATE PARTNERS, LLC D/B/A DYLAN POINT LOMA APARTMENTS ("Defendant") with regard to Defendant's knowing use of Plaintiff's photograph for a commercial purpose without Plaintiff's consent causing Plaintiff damages.

5. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

6. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

7. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

8. Unless otherwise indicated, the use of Defendant in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.

## JURISDICTION AND VENUE

9. This action arises out of Defendant's violations of California Civil Code §§ 3344; California's Common Law Right to Publicity; and, California Business & Professions Code §§ 17200, *et seq.* ("UCL").

10. Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff, a resident of the State of California, seeks relief on behalf of a California class, which will result in at least one class member belonging to a different state than that of Defendant, a limited liability company incorporated in the State of Delaware with its principal place of business in the State of South Carolina.

11. Plaintiff also seeks the greater of statutory damages of $750 per violation pursuant to the Cal. Civ. Code § 3344, which, when aggregated among a proposed class number in the tens of thousands, exceeds the $5,000,000 threshold for federal court jurisdiction.

12. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

13. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of San Diego, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendant conducted business within this judicial district at all times relevant.

## FACTUAL ALLEGATIONS

14. At all times relevant, Plaintiff is an individual residing within the State of California.

15. On June 13, 2018, Plaintiff posted a personal photograph on one of Plaintiff's Instagram pages.

16. On June 26, 2018, the same photograph was posted on Defendant's Instagram page using the caption, "Welcome to doggy heaven [emoji] Your pup will love nearby Ocean Beach Dog Beach, a leash-free haven for pets, people and sandy belly rubs [emojis]: @dumb_and_dunder.

17. Defendant used various hashtags underneath the caption as well, "#LiveDylan #DylanPointLomaApartments #San Diego_CA #SanDiegoLiving #OceanBeach #DogBeach.

18. Defendant's Instagram name is "dylanpointlomaapartments," the Instagram page has 812 followers,[2] and is a public page that can be accessed by any person with an Instagram account.

19. On June 26, 2018, the same photograph was also posted on Defendant's Facebook page using the same caption and hashtags.

20. Defendant's Facebook name is Dylan Point Loma Apartments – Point Loma, CA and has 3,000 likes,[3] and is also a public page that can be accessed by any person with a Facebook account.

21. The purpose of the photo is to advertise for Defendant, specifically Defendant is using Plaintiff's photograph to showcase Defendant's ideal geographical location as well as Defendant's dog friendly atmosphere.

22. However, Plaintiff does not and has not ever lived at Defendant's apartment complex.

23. Defendant did not ask Plaintiff's permission prior to using Plaintiff's photograph for Defendant's own marketing purposes.

24. Plaintiff did not consent to the use of Plaintiff's photograph at any time relevant.

25. Defendant misappropriated Plaintiff's likeness in an attempt to draw in new tenants and garner further profits.

26. Defendant knew the photograph belonged to Plaintiff as Defendant "tagged" Plaintiff in both photographs on both social media platforms.

27. To date, the photograph remains on Defendant's Instagram and Facebook page.

---

[2] Last accessed on September 11, 2018 via the Instagram application.
[3] Last accessed on September 11, 2018 via Facebook.com.

28. To date, Defendant continues to profit off of Defendant's illegal use of Plaintiff's photograph.

29. Plaintiff has received no compensation for the use of Plaintiff's photograph for marketing purposes and as a result has suffered an invasion of privacy and a financial loss while Defendant has gained a financial benefit from Defendant's illegal use of Plaintiff's photograph.

30. Through this conduct, Defendant violated Cal. Civ. Code § 3344 by knowingly using Plaintiff's identity to Defendant's commercial advantage for the purpose of bringing in new tenants to the apartment, without Plaintiff's consent resulting in injury to Plaintiff.

31. Through this conduct Defendant has violated California's Common Law Right to Publicity by using Plaintiff's identity to Defendant's commercial advantage without Plaintiff's consent resulting in injury to Plaintiff.

32. Furthermore, the acts and omissions described herein constitute unlawful, unfair, and fraudulent conduct under California's Unfair Competition Law, Business & Professions Code §17200 *et seq.* (the "UCL").

## CLASS ALLEGATIONS

33. Plaintiff brings this action on behalf of himself individually, and on behalf of all others similarly situated ("the Class").

34. Plaintiff defines the class as follows:
> (i) all persons within the United States of America; (ii) who have had a photo used by Defendant on any of Defendant's social media or advertising platforms; (iii) without the person's consent; (iv) within in the four years prior to the filing of this action through the date of filing.

35. Defendant and their employees or agents are excluded from the Class.

36. Plaintiff does not know the exact number of persons in the Class, but believes them to be in the thousands, making joinder of all these actions impracticable.

37. The identity of the individual members is ascertainable through Defendant's and/or Defendant's agents' records or by public notice.
38. There is a well-defined community of interest in the questions of law and fact involved affecting the members of the Class. The questions of law and fact common to the Class predominate over questions affecting only individual class members, and include, but are not limited to, the following:
    a. Whether the conduct of using Plaintiff and the Class Member's photographs without the Plaintiff or the Class Member's consent violated Cal. Civ. Code § 3344;
    b. Whether the conduct of using Plaintiff and the Class Members' photographs without the Plaintiff's or the Class Member's consent violated California's Common Law Right to Publicity;
    c. Whether Defendant misused Plaintiff's and the Class Members' identities;
    d. Whether Defendant misappropriated the Plaintiff's and the Class Members' likeness to Defendant's commercial advantage;
    e. Whether Defendant engaged in said conduct without the consent of Plaintiff and the Class Members;
    f. Whether the Plaintiff and the Class Members have suffered an injury;
    g. Whether Defendant has profited off via the misuse of Plaintiff's and the Class Member's illegally used photographs;
    h. Whether Defendant's conduct was knowing;
    i. Whether Defendant's conduct has a direct connection between the alleged misuse of the photographs and a commercial purpose;
    j. Whether Plaintiff and the Class Members are entitled to statutory damages;

///

  k. Whether Plaintiff and the Class Members are entitled to actual damages;

  l. Whether Plaintiff and the Class Members are entitled to punitive damages;

  m. Whether Plaintiff and the Class Members are entitled to the recovery of attorneys' fees;

  n. Whether Plaintiff and the Class Members are entitled to the recovery of litigation costs;

  o. Whether Defendant's practices violate California Business and Professions Code § 17200;

  p. Whether Defendant's practices are "unlawful" as described by California Business and Professions Code § 17200;

  q. Whether Defendant's practices are "unfair" as described by California Business and Professions Code § 17200;

  r. Whether Defendant's practices are "fraudulent" as described by California Business and Professions Code § 17200; and,

  s. Whether Defendant should be enjoined from engaging in such conducted in the future.

39. Plaintiff will fairly and adequately protect the interest of the Class.

40. Plaintiff has retained counsel experienced in consumer class action litigation and in handling claims involving unfair business practices.

41. Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts involving the misappropriation of Plaintiff's and the Class Member's photographs.

42. A class action is a superior method for the fair and efficient adjudication of this controversy.

43. Class-wide damages are essential to induce Defendant to comply with the federal and State laws alleged in the Complaint.

44. The interests of class members in individually controlling the prosecution of separate claims against Defendant is small.
45. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims, e.g., securities fraud.
46. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final declaratory relief with respect to the class as a whole.
47. Plaintiff contemplates providing notice to the putative class members by direct mail in the form of a postcard-type notice and via Internet website.
48. Plaintiff requests certification of a hybrid class for monetary damages and injunctive relief.

## COUNT I

### VIOLATION OF CALIFORNIA CIVIL CODE § 3344

### [AGAINST ALL DEFENDANTS]

49. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.
50. The foregoing acts and omissions constitute numerous and multiple violations of Cal. Civ. Code § 3344.
51. As a result of each and every violation of Cal. Civ. Code § 3344, Plaintiff is entitled to any actual damages; statutory damages; punitive damages, and reasonable attorney's fees and costs from each Defendant individually.

## COUNT II

### VIOLATION OF CALIFORNIA'S COMMON LAW RIGHT OF PUBLICITY

52. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.
53. The foregoing acts and omissions constitute numerous and multiple violations of California's Common Law Right of Publicity.

54. As a result of each and every violation, Plaintiff is entitled to any actual damages; statutory damages; punitive damages, and reasonable attorney's fees and costs from each Defendant individually.

## COUNT III

### VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW
### CAL BUS. & PROF. CODE § 17200, ET SEQ.
### [AGAINST ALL DEFENDANTS]

55. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

56. Plaintiff and Defendant are each "person[s]" as defined by California Business & Professions Code § 17201. California Bus. & Prof. Code § 17204 authorizes a private right of action on both an individual and representative basis.

57. "Unfair competition" is defined by Business and Professions Code Section § 17200 as encompassing several types of business "wrongs," two of which are at issue here: (1) an "unlawful" business act or practice, (2) an "unfair" business act or practice, (3) a "fraudulent" business act or practice, and (4) "unfair, deceptive, untrue or misleading advertising." The definitions in § 17200 are drafted in the disjunctive, meaning that each of these "wrongs" operates independently from the others.

58. By and through Defendant's conduct alleged in further detail above and herein, Defendant engaged in conduct which constitutes (a) unlawful and (b) unfair business practices prohibited by Bus. & Prof. Code § 17200 *et seq*.

### "UNLAWFUL" PRONG

59. As a result of Defendant's acts and practices in violation of Cal. Civ. Code § 3344; and, California's Common Law Right of Publicity, Defendant has violated California's Unfair Competition Law, Business & Professions Code §§

17200 *et seq.*, which provides a cause of action for an "unlawful" business act or practice perpetrated on members of the California public.

60. Defendant had other reasonably available alternatives to further its legitimate business interest, other than the conduct described herein, such as obtaining consent to use a photograph prior to posting it on Defendant's social media ad marketing platforms.

61. Plaintiff and the putative class members reserve the right to allege other violations of law, which constitute other unlawful business practices or acts, as such conduct is ongoing and continues to this date.

### "Unfair" Prong

62. Defendant's actions and representations constitute an "unfair" business act or practice under § 17200 in that Defendant's conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct. Without limitation, it is an unfair business act or practice for Defendant to knowingly misappropriate a person's likeness without consent for Defendant's own commercial advantage.

63. At a date presently unknown to Plaintiff, but at least four years prior to the filing of this action, and as set forth above, Defendant has committed acts of unfair competition as defined by Cal. Bus. & Prof. Code §§ 17200 *et seq.*, as alleged further detail above and herein.

64. Plaintiff and other members of the Class could not have reasonably avoided the injury suffered by each of them. Plaintiff reserves the right to allege further conduct that constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date, as Defendant continues misuse the photograph of Plaintiff and Members of the Class in violation of Cal. Civ. Code

§ 3344; California's Common Law Right of Publicity; and Cal. Bus. & Prof. Code §§ 17200, *et seq.*

### "FRAUDULENT" PRONG

65. California Business & Professions Code § 17200 prohibits any "fraudulent ... business act or practice." In order to prevail under the "fraudulent" prong of the UCL, a consumer must allege that the fraudulent business practice was likely to deceive members of the public.

66. The test for "fraud" as contemplated by California Business and Professions Code § 17200 is whether the public is likely to be deceived. Unlike common law fraud, a § 17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

67. Here, Defendant misused Plaintiff's photograph in an attempt to deceive the public into believing that Plaintiff resided in Defendant's apartment complex and reaped the benefits of the location and dog friendly environment, when in fact Plaintiff does not and has not ever resided at Defendant's apartment complex. This conduct invades Plaintiff's property and misuses Plaintiff's identity.

68. Thus, Defendant's conduct has violated the "fraudulent" prong of California Business & Professions Code § 17200.

### UNFAIR, DECEPTIVE, UNTRUE OR MISLEADING ADVERTISING

69. Defendant's advertising is unfair, deceptive, untrue or misleading in that potential tenants are led to believe that Defendant's photographs represent actual tenants residing in Defendant's apartment complex when the photographs are actually plucked from another person's private social media page who has no connection with Defendant or Defendant's apartment complex.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

70. Plaintiff, reasonable consumers, and the public would likely be, and, in fact were, deceived and mislead by Defendant's advertising as they would, and did, interpret the representation in accord with its ordinary usage.

71. Defendant's unlawful, unfair, and fraudulent business practices and unfair, deceptive, untrue or misleading advertising presents a continuing threat to the public in that Defendant continues to engage in unlawful conduct described herein resulting in harm to consumers.

72. Defendant engaged in these unlawful, unfair, and fraudulent business practices motivated solely by Defendant's self-interest with the primary purpose of bringing in new tenants through these misleading and deceptive advertising tactics and thereby unjustly enriching Respondent.

73. Such acts and omissions by Defendant are unlawful and/or unfair and/or fraudulent and constitute a violation of Business & Professions Code section 17200 *et seq.* Plaintiff reserves the right to identify additional violations by Defendant as may be established through discovery.

74. As a direct and proximate result of the aforementioned acts and representations described above and herein, Defendant received and continues to receive unearned commercial benefits at the expense of their competitors and the public.

75. As a direct and proximate result of Defendant's unlawful, unfair and fraudulent conduct described herein, Defendant has been and will continue to be unjustly enriched by the receipt of ill-gotten gains from new tenants who unwittingly rely on Defendant's advertising tactics.

76. Plaintiff suffered an "injury in fact" because Plaintiff has suffered a severe privacy invasion and has also been deprived of the opportunity to profit from the use of the photograph as a result of Defendant simply taking the photograph and using it as Defendant's own.

77. In prosecuting this action for the enforcement of important rights affecting the public interest, Plaintiff seek the recovery of attorneys' fees, which is available to a prevailing Plaintiff's in cases such as this matter.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for:

- That this action be certified as a class action on behalf of The Class and Plaintiff be appointed as the representative of The Class;
- That Plaintiff's counsel be appointed as Class Counsel;
- An award of actual damages for Plaintiff and putative class members;
- An award of statutory damages for Plaintiff and putative class members;
- An award of punitive damages for Plaintiff and putative class members;
- That the Court find that Defendant has misappropriated Plaintiff's and the Class Members' photographs in violation Cal. Civ. Code § 3344;
- That the Court find that Defendant has misappropriated Plaintiff's and the Class Members' photographs in violation California's Common Law Right of Publicity;
- An order requiring imposition of a constructive trust and and/or disgorgement of Defendant's ill-gotten gains and to pay restitution to Plaintiff and all members of the Class and to restore to Plaintiff and members of the Class all funds acquired by means of any act or practice declared by this court to be an unlawful, fraudulent, or unfair business act or practice, in violation of laws, statutes or regulations, or constituting unfair competition;
- That Plaintiff and the Class be awarded reasonable attorneys' fees and costs of this suit pursuant to Code of Civil Procedure § 1021.5, and California Civil Code § 1780, and/or other applicable law;
- An award of costs of litigation and reasonable attorney's fees; and,

- Any and all other relief that this Court deems just and proper.

**TRIAL BY JURY**

78. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: September 14, 2018                                Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By:    *s/ Matthew M. Loker*
       MATTHEW M. LOKER, ESQ.
       ATTORNEY FOR PLAINTIFF