

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHON YOUNG, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>GREYSTAR REAL ESTATE PARTNERS, LLC d/b/a DYLAN POINT LOMA APARTMENTS,<br><br>Defendant. | Case No.: 3:18-cv-02149-BEN-MSB<br><br>**ORDER:**<br><br>**(1) GRANTING DEFENDANT'S MOTION TO DISMISS COUNTS ONE AND THREE OF PLAINTIFF'S FIRST AMENDED COMPLAINT; and**<br><br>**(2) DENYING DEFENDANT'S MOTION TO STRIKE**<br><br>[Doc. 16, 17] |

Plaintiff Jonathon Young ("Young" or "Plaintiff") on behalf of himself and all others similarly situated, brings the instant action against Defendant Greystar Real Estate Partners, LLC ("Greystar" or "Defendant"). (*See* Doc. No. 14.) The gravamen of Plaintiff's First Amended Complaint ("FAC") is Defendant harvested a personal photograph of Plaintiff from Plaintiff's personal Instagram page and subsequently reposted it on Defendant's Instagram and Facebook pages without the Plaintiff's consent. *See id.* ¶¶ 15 – 46. Defendant moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss counts one and three of Plaintiff Jonathon Young's ("Young" or "Plaintiff") First Amended

1

Class Action Complaint ("FAC"), or in the alternative, under 12(f), to strike portions of the FAC. (Doc. Nos. 16, 17.) For the following reasons, Defendant's Motion to Dismiss Counts One and Three is **GRANTED** and the Motion to Strike is **DENIED**.

## I. BACKGROUND

On June 13, 2018, Plaintiff posted a personal photograph on his personal Instagram page which he claims depicted his entire frame. (*See* Doc. No. 14 ¶¶ 15, 16.) The Defendant allegedly harvested that photograph from Plaintiff's Instagram page and subsequently posted it with a personalized caption to an apartment complex's Instagram and Facebook webpages on June 26, 2018, to "showcase Defendant's ideal geographical location as well as Defendant's dog-friendly atmosphere."[1] *Id.* ¶ 27. Plaintiff contends that Defendant does business under the name "Dylan Point Loma Apartments" and currently maintains Instagram and Facebook pages under the names "dylanpointlomaapartments" and "Dylan Point Loma Apartments – Point Loma, CA." *Id.* ¶¶ 20, 26. Plaintiff further contends the Defendant harvested and reposted his photograph without his knowledge or consent causing him severe emotional harm, mental anguish, and a significant privacy violation.[2] *Id.* ¶¶ 29, 37.

## II. REQUEST FOR JUDICIAL NOTICE

The Court generally may not look beyond the four corners of a complaint in ruling on a Rule 12(b)(6) motion, with the exception of documents incorporated into the complaint by reference, and any relevant matters subject to judicial notice. *See Swartz v. KPMG LLP,* 476 F.3d 756, 763 (9th Cir. 2007); *Lee v. City of L.A.,* 250 F.3d 668, 688–89 (9th Cir. 2001). Under the doctrine of incorporation by reference, the Court may consider

---

[1] The caption under the picture stated "Welcome to doggy heaven [emoji]. Your pup will love nearby Ocean Beach Dog Beach, a leash-free haven for pets, people and sandy belly rubs [emojis]: @dumb_and_dunder." (Doc. No. 16-1 at 2.)

[2] Plaintiff asserts that he is a police officer who carefully controls the exposure of his personal information. Because of Defendants invasion, Plaintiff suffered loss of sleep, unnecessary anxiety, and distress. (Doc. No. 14 ¶¶ 38, 39.)

on a Rule 12(b)(6) motion not only documents attached to the complaint, but also documents whose contents are alleged therein, provided the complaint "necessarily relies" on the documents or contents thereof, the document's authenticity is uncontested, and the document's relevance is uncontested. *Coto Settlement v. Eisenberg,* 593 F.3d 1031, 1038 (9th Cir. 2010); *accord Lee,* 250 F.3d at 688–89. The purpose of this rule is to "prevent plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting documents upon which their claims are based." *Swartz,* 476 F.3d at 763 (alterations and internal quotation marks omitted).

The Court also may take judicial notice of matters that are either (1) generally known within the trial court's territorial jurisdiction or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). Proper subjects of judicial notice when ruling on a motion to dismiss include legislative history reports, *see Anderson v. Holder,* 673 F.3d 1089, 1094 n. 1 (9th Cir. 2012); court documents already in the public record and documents filed in other courts, *see Holder v. Holder,* 305 F.3d 854, 866 (9th Cir. 2002); and publicly accessible websites, *see Daniels-Hall v. Nat'l Educ. Ass'n,* 629 F.3d 992, 998-99 (9th Cir. 2010).

In support of their Motion to Dismiss, Defendant requests judicial notice of "Instagram and Facebook posts attached as Exhibits 'A' and 'B' to the Declaration of Lily Zimmel in Support of Defendant's Motion to Dismiss Plaintiff's First Amended Complaint." (Doc. No. 16-2 at 2.) Plaintiff did not file any opposition to the Defendant's request for judicial notice. Moreover, "the complaint specifically describes the posts (and photograph) by reference to a social media caption ('Welcome to doggy heaven ...' and hashtags (#LiveDylan ...'". *Id.* Accordingly, the Court **GRANTS** Defendant's request for judicial notice of Exhibits "A" and "B" to the Declaration of Lily Zimmel.

///
///
///
///

## III. DISCUSSION

**A. Motion to Dismiss**

Defendant moves to dismiss count "one"[3] and "three"[4] of the FAC under Federal Rule of Civil Procedure 12(b)(6) because (1) the Plaintiff is not readily identifiable in the photograph for purposes of the statutory right of publicity claim; (2) the Plaintiff failed to plausibly allege statutory standing necessary to pursue a UCL claim; (3) the Plaintiff failed to state any claim for injunctive relief or restitution, the only two remedies available under the UCL; and (4) the Plaintiff does not and cannot allege that he actually relied on any purported misrepresentation under the UCL's fraudulent prong. (Doc. No. 16-1 at 1-2.)

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). The Supreme Court has held that Rule 8(a) requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks

---

[3] In count one, Plaintiff alleges a statutory cause of action for violating his right to publicity. Specifically, "[w]ithout prior consent, Defendant took a personal photograph" from Plaintiffs Instagram account and "posted it on Defendant's Instagram and Facebook pages," in violation of California Civil Code § 3344. (Doc. No. 14 ¶¶ 14-16.)

[4] In count three, Plaintiff alleges that due to Defendant's actions, Plaintiff "suffered severe emotional harm, mental anguish, and a significant privacy violation" which Defendant profited from at Plaintiff's expense, constituting a violation of California's Unfair Competition Law. *Id.* ¶¶ 35, 37.

4

omitted). For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

The Court, however, need not accept as true allegations contradicted by judicially noticeable facts, *see Shwarz v. United States,* 234 F.3d 428, 435 (9th Cir. 2000), and it "may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into a motion for summary judgment, *Shaw v. Hahn,* 56 F.3d 1128, 1129 n. 1 (9th Cir. 1995). Nor must the Court "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn,* 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (internal quotation marks omitted). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson,* 355 F.3d 1179, 1183 (9th Cir. 2004).

The Court must then determine whether, based on the allegations that remain and all reasonable inferences that may be drawn therefrom, the Complaint alleges a plausible claim for relief. *See Iqbal,* 556 U.S. at 679; *U.S. ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.,* 637 F.3d 1047, 1054 (9th Cir. 2011). "Determining whether a complaint states a plausible claim for relief is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Ebner v. Fresh, Inc.,* No 13-56644, 2016 WL 5389307, at *2 (9th Cir. Sept. 27, 2016) (as amended) (quoting *Iqbal,* 556 U.S. at 679). Where the facts as pleaded in the Complaint indicate that there are two alternative explanations, only one of which would result in liability, "plaintiffs cannot offer allegations that are merely consistent with their favored explanation but are also consistent with the alternative explanation as true, in order to render plaintiffs' allegations plausible." *Eclectic Properties E., LLC v. Marcus & Millichap Co.,* 751 F.3d 990 at 995 (9th Cir. 2014) (quoting *Twombly,* 550 U.S. at 556-57) (internal citations omitted).

### 1. *Plaintiff Fails to State a Statutory Right to Publicity Claim*

As noted, this motion is directed solely to Plaintiff's claims under California Civil Code section § 3344. It is well-settled that § 3344 "neither replaces nor codifies" California's common law "right of privacy for the protection of a person's name and likeness against appropriation by others for their advantage." *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691-92 (9th Cir. 1998) ("*Newcombe*"). Rather, § 3344(g) specifically provides that the statutory remedies are cumulative and in addition to any others provided by law.

Section § 3344 provides, in part: "Any person who knowingly uses another's name, voice, signature, photograph, or likeness, in any manner ... for purposes of advertising ... without such person's prior consent ... shall be liable for any damages sustained by the person." Cal. Civ. Code § 3344(a). The section also provides for statutory damages in the alternative to proving actual damages, and for an award of attorney fees to a prevailing party. *Id.* Specifically, a plaintiff must plead: (1) the defendant's use of the plaintiff's identity; (2) the appropriation of plaintiff's name or likeness to defendant's advantage, commercially or otherwise; (3) lack of consent; (4) resulting injury; (5) that the defendant's use was knowing; and (6) a direct connection between the alleged use and the commercial purpose. *Cross v. Facebook, Inc.*, 14 Cal. App. 5th 190, 208 (2017). Here, there is no dispute about the name, voice, or signature of the Plaintiff. The point of controversy is whether the Defendant's use of Plaintiff's "likenesses" is within the meaning of the statute—or, more precisely, whether the Plaintiff has plausibly claimed a triable issue of fact with respect to that question.

The statute expressly provides that liability based on a photograph requires that the plaintiff be "readily identifiable." Cal. Civ. Code § 3344(a). The Ninth Circuit has held that the same "readily identifiable" standard applies to claims based on alleged misappropriation of "likeness." *Newcombe*, 157 F.3d at 692 ("Because a likeness and a photograph are so similar—a photograph is a visual image that is obtained by using a camera while a likeness is a visual image of a person other than a photograph—we find the

application of this standard appropriate to likenesses as well as photographs. Therefore, we hold that to constitute [the plaintiff's] likeness, the [person] depicted in the advertisement [in this case, Defendants Facebook and Instagram pages] must be readily identifiable as [the plaintiff].")

Here, Plaintiff alleges Defendant, without Plaintiff's permission, reposted on an apartment complex's Facebook and Instagram webpages a photograph of Plaintiff. The photograph depicted an unidentified male wearing a hat and sunglasses, bending over and scratching a dog's belly at the beach together with the caption "Welcome to doggy heaven [emoji] Your pup will love nearby Ocean Beach Dog Beach, a leash-free haven for pets, people and sandy belly rubs [emojis]: @dumb_and_dunder.".[5] (*See* Doc. No. 14.) As a result of Defendant's unconsented act, Plaintiff, a police officer, alleges he had his personal photograph exposed to over "sixty-thousand Instagram users" and countless Facebook views on Defendant's social media webpages. (Doc. No. 20 at 3.) Plaintiff contends he received no compensation for the Defendant's use of his personal photograph for financial gain. *Id.* at 3.

Plaintiff's allegations fall short of stating a plausible claim for relief under the heightened pleading standards of *Twombly* and *Iqbal*. First, the photograph from which Plaintiff's claim arises makes clear that Plaintiff is not "readily identifiable" as is required under § 3344. In the FAC, Plaintiff contends the photograph shows that "Plaintiff's entire frame is depicted, and Plaintiff is readily identifiable." (Doc. No. 20 at 2.) However, the Court notes that the only visible facial characteristic is a small, shadowy sliver of the individual's chin. (Doc. No. 16 at 4-5.) The remainder of the face and all the individual's hair is not discernable. *Id.* The remaining viewable aspects of the depicted individual's frame (*back, the backside of his arms and frontside of his legs and feet*) are common, plain,

---

[5] Defendant also used the following hashtags underneath the caption, "LiveDylan #DylanPointLomaApartments #San Diego_CA #OceanBeach #DogBeach." (Doc. No. 14 ¶ 19.)

and non-identifying. The Court concurs with Defendant's assertion that "the photograph could be of any countless number of white males." (Doc. No. 16-1 at 5.) It is clear: the Plaintiff is not readily identifiable in the subject photograph or in the screenshots from the Defendant's Instagram and Facebook webpages.

Second, Plaintiff's own allegations show that Defendant was unaware of the Plaintiff's identity. Here, Plaintiff asserts Defendant knew the photograph belonged to him [Plaintiff] because the Defendant "tagged" "him" to the photographs on both social media accounts using the tag "dumb_and_dunder". (Doc. Nos. 20 at 3; 22 at 1.) However, the FAC contains no allegations that "dumb_and_dunder" is Plaintiff's name or that the "dumb_and_dunder" tag would cause the public to readily identify the photograph as depicting Plaintiff. *Id.* Furthermore, the allegation is too speculative and vague to support a finding of fair notice that Defendant was aware the photograph from an Instagram account titled "dumb_and_dunder" belonged to Plaintiff.

Thus, Plaintiff has failed to plead enough facts to state a claim to relief that is plausible on its face, and Plaintiff's cause of action for statutory relief under § 3344 is dismissed. Accordingly, Defendant's Motion to Dismiss as to claim one is GRANTED without prejudice.

### 2. *Plaintiff Fails to State a UCL Claim*

Plaintiff's third cause of action alleges that the Defendant violated California Business & Professions Code § 17200 (the "UCL claim"). To state a claim for unfair competition pursuant to Cal. Bus. & Prof. Code §§ 17200 *et seq.*, a plaintiff must allege an "unlawful, unfair, or fraudulent business act or practice" or "unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. California's UCL "borrow[s] violations of other laws" and treats them as unlawful business practices "independently actionable under section 17200." *Farmers Ins. Exch. v. Superior Court*, 2 Cal. 4th 377, 383, 6 Cal. Rptr. 2d 487, 826 P.2d 730 (1992) (internal quotation marks omitted). "Violation of almost any federal, state or local law may serve as the basis for a UCL claim." *Plascencia v. Lending 1st Mortg.*, 583 F. Supp. 2d 1090, 1098 (N.D. Cal. 2008).

Here, Plaintiff has withdrawn his claim under the UCL and requests this Court to dismiss count three without prejudice. Accordingly, Plaintiffs request to dismiss count three is GRANTED without prejudice.

**B. Motion to Strike**

Defendant moves to strike the class allegations set forth in the FAC, arguing that it fails to set forth minimum facts required to establish the existence of a certifiable class. (Doc. No. 17-1 at 2-4.)

Defendant argues that striking the class allegations is appropriate because it is clear from the outset that Plaintiff's class allegations are patently defective, and because injury and damages in this case are likely to be inherently individualized. *Id.* at 2-3. However, while Defendant correctly notes that class allegations may be stricken at the pleading stage, *see Kamm v. California City Dev. Cr.*, 509 F.3d 205, 212 (9th Cir. 1975), the issue of class relief is generally more appropriately determined through a motion for class certification. *Thorpe v. Abbott Lab, Inc.*, 534 F. Supp.2d 1120, 1125 (N.D. Cal. 2008). This is because "the shape and form of a class action evolves only through the process of discovery." *In re Wal-Mart Stores, Inc. Wage and Hour Litigation*, 505 F. Supp.2d 609, 615 (N.D. Cal. 2007) (internal citation omitted); *see also* 7A Charles Alan Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure Civil § 1785.3* (3d 2005) ("As a practical matter, the court's determination [as to class susceptibility] usually should be predicated on more information than the complaint itself affords. Thus, courts frequently have ruled that discovery relating to the issue whether a class action is appropriate needs to be undertaken before deciding whether to allow the action to proceed on a class basis.")

This case illustrates the rationale for this general rule. While Defendant might be correct that the issue of whether the named Plaintiff or some other class member is readily identifiable in a photograph, Plaintiff might also rebut this contention—for instance, by prevailing on its argument that Defendant is attempting to prejudice Plaintiff by denying access to discovery needed to certify a class action, and possibly narrow the scope of the class definition. (Doc. No. 21 at 6.) Additionally, Defendant makes no argument why the

remedies sought by Plaintiff on behalf of a putative class are untenable. (Doc. No. 14 at 14-15.) Therefore, the Court finds the better course in this case, as in most, is "to analyze the elements of the parties' substantive claims and review facts revealed in discovery in order to evaluate whether the requirements of Rule 23 have been satisfied." *In re Ford Motor Ignition Switch Prods. Liab. Litig.*, 174 F.R.D. 332 at 338 (D.N.J. 1997) (citation omitted).

Accordingly, Defendant's Motion to Strike Class Allegations is DENIED at this time. Defendant may move to strike or dismiss class allegations if and when class certification is sought.

### C. Leave to Amend

If the Court determines that the complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (alterations and internal quotation marks omitted). When dismissing a complaint for failure to state a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* at 1130 (internal quotation marks omitted). Accordingly, leave to amend generally shall be denied only if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

The Court grants Plaintiff leave to amend the FAC for the limited purpose of correcting the deficiencies identified in this Order because the Court does not find undue delay, bad faith or dilatory motive by Plaintiff, repeated failure to cure deficiencies, or undue prejudice to Defendant. Further additional allegations may cure the deficiencies identified in this Order, and therefore amendment would not necessarily be futile. Should

Plaintiff elect to file a Second Amended Complaint curing the deficiencies identified herein, he shall do so within thirty (30) days of the date of this Order. Failure to meet the 30-day deadline to file an amended complaint or failure to cure the deficiencies identified in this Order will result in a dismissal of Plaintiff's claims with prejudice. Plaintiff may not add new causes of action or parties without leave of the Court or stipulation of the parties pursuant to Federal Rule of Civil Procedure 15.

## IV. CONCLUSION

For the previous reasons, Defendant's Motion to Dismiss Count's 1 and 3 is **GRANTED**, and his Motion to Strike is **DENIED**.

**IT IS SO ORDERED.**

DATED: August 31, 2019

HON. ROGER T. BENITEZ
United States District Judge